FILED
CLERK, U.S. DISTRICT COURT

9/19/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MRV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE LUIS GONZALES, <br><br> Defendant. | CR No. 2:25-cr-00775-SRM <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 922(g)(9): Prohibited Person in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about July 20, 2025, in Los Angeles County, within the Central District of California, defendant JOSE LUIS GONZALES knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.   A Springfield Armory, Model Hellcat, 9mm Luger caliber pistol, bearing serial number BA222573; and

2.   Ten rounds of 9mm Luger caliber ammunition with the headstamp markings "WIN 9mm Luger+P".

Defendant GONZALES possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Assault with a Deadly Weapon Other than a Firearm, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number LA047651, on or about August 11, 2005;

2.    Receipt of Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Los Angeles, Case Number PA053293, on or about January 31, 2006;

3.    Felony Obstruction, in violation of California Penal Code Section 69, and Criminal Threats, in violation of California Penal Code Section 422(a), in the Superior Court of the State of California, County of Los Angeles, Case Number MA063373, on or about August 11, 2016; and

4.    Assault with a Deadly Weapon Other than a Firearm, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number MA069266, on or about January 18, 2017.

COUNT TWO

[18 U.S.C. § 922(g)(9)]

On or about July 20, 2025, in Los Angeles County, within the Central District of California, defendant JOSE LUIS GONZALES knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.    A Springfield Armory, Model Hellcat, 9mm Luger caliber pistol, bearing serial number BA222573; and

2.    Ten rounds of 9mm Luger caliber ammunition with the headstamp markings "WIN 9mm Luger+P".

Defendant GONZALES possessed such firearm and ammunition knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Inflicting Corporal Injury on a Spouse, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Los Angeles, Case Number 4SF03906, on or about July 23, 2004.

3

FOREFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in this Indictment.

2.    If so convicted, defendant shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

4

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/ _____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

*FOR*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

ROBERT K. QUEALY
Special Assistant United States
Attorney
General Crimes Section

5